## RAWLEIGH CO v FRITZ et

### Ohio Appeals, 4th Dist, Scioto Co

### Decided Dec. 12, 1928

Miller & Searl, Portsmouth, for Rawleigh Co.

A. R. Johnson, Ironton and W. L. Hostetter, Portsmouth, for Fritz.

**MAUCK, J.**

If from the conclusions referred to we are to understand that the court found that the contract sued upon was severable, that while the sureties were liable for goods sold after the execution of the contract but were not liable for the indebtedness existing at the time the contract was signed because there was no consideration for holding the sureties for the old indebtedness, we think that the court erred. The contract of surety was expressed in this language:

"For and in consideration of the sum of one dollar to me in hand paid, the receipt of which is hereby expressly confessed and acknowledged, or in consideration of the above named seller extending further credit to the said buyer, we, the undersigned, do hereby jointly and severally guarantee unto the said The W. T. Rawleigh Company, the above named seller, unconditionally, the payment in full of the balance due or owing said seller on account as shown by its books at the date of the acceptance of this contract of guaranty by seller, and the full and complete payment of all monies due or owing, or that may become due or owing said seller, and all indebtedness incurred by the buyer under the terms of the above and foregoing instrument by the buyer named as such therein", etc.

The only interpretation of which this language is capable is that if the company extended to Brown credit for goods thereafter ordered by him the sureties bound themselves in consideration of that fact both to the payment of future purchases and to the payment of past due indebtedness. As much as we abhor the involved language in which this oppressive purpose is concealed it seems to us nevertheless that the defendants were persuaded to guarantee both the old and new indebtedness of Brown for the one and single consideration that the company should continue to furnish goods that Brown might thereafter order. It is to the credit of the

commercial world that few contracts so odious in purpose and so unjust in resuts are found in the courts. All to which our attention has been called have been cases in which the manufacturers of patent medicines and like nostrums are dealing with peddlers. The legal principle is, however, well settled that courts can not in actions at law inquire into the adequacy of the consideration upon which contracts are predicated, and tho it is wholly unfair it is possible that these sureties have bound themselves to pay the whole indebtedness of Brown in consideration of future credits agreed to be extended to him. The judgment in this case is reversed and the case remanded for new trial.

Middleton, J, concurs. Thomas, PJ, not sitting.